IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD MORISCH and BETTE MORISCH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 07-145-GPM<br>) |
| UNITED STATES OF AMERICA and ROBERT D. KREISMAN, P.C., d/b/a Kreisman Law Offices, | )<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case involves a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and a pendent state-law claim for legal malpractice. With respect to the FTCA claim, Plaintiffs Gerald Morisch and Bette Morisch allege that Defendant United States of America is liable for medical malpractice by doctors at Veterans Administration ("VA") hospitals in Marion, Illinois, and St. Louis, Missouri, as a result of whose negligence, it is claimed, Mr. Morisch suffered a severe stroke. With respect to the legal malpractice claim, Mr. and Mrs. Morisch allege that Defendant Robert D. Kreisman, P.C. ("Kreisman"), was negligent in failing to bring a medical malpractice claim based on allegedly negligent medical treatment Mr. Morisch received at Lourdes Hospital in Paducah, Kentucky, after the onset of his stroke. Currently the case is before the Court on: Mr. and Mrs. Morisch's motion for a protective order (Doc. 92); the government's motion to strike portions of Dr. David Schreiber's testimony (Doc. 100); and Kreisman's motion to bar Dr. Schreiber's opinion on damages (Doc. 101).

Turning first to Mr. and Mrs. Morisch's motion for a protective order, in the motion Mr. and Mrs. Morisch ask that the Court enter an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to ensure that counsel for the government and Kreisman violate neither the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936, nor the so-called "*Petrillo* doctrine," the rule of Illinois law that holds generally, of course, that physician-patient privilege bars a defendant's attorney from having ex parte contact with a plaintiff's treating physician. *See Petrillo v. Syntex Labs., Inc.*, 499 N.E.2d 952, 965 (Ill. App. Ct. 1986). In its order entered June 16, 2009, in this case the Court held that the *Petrillo* rule does not apply to contacts between Kreisman's counsel and Mr. Morisch's treating physicians residing in Kentucky, and that order is the law of the case. *See Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2009 WL 2244724, at *2 (S.D. Ill. July 20, 2009). Moreover, the Court has no reason to believe that the able attorneys for both the government and Kreisman are in danger of violating either HIPAA or the *Petrillo* rule; in the unlikely event that they were to do so, the Court certainly could deal with that contingency at that time. The Court concludes that Mr. and Mrs. Morisch have failed to show good cause for entry of a protective order, *see Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1077-78 (S.D. Ill. 2006), and their motion will be denied.

Turning next to the government's motion, the government asks the Court to strike opinions offered by Dr. David Schreiber, a neurologist retained as an expert by Mr. and Mrs. Morisch who was deposed under the Court's supervision on August 5, 2009, that the negligence of personnel at the VA hospital in St. Louis proximately contributed to Mr. Morisch's stroke. As counsel for Mr. and Mrs. Morisch points out, the government's motion invites the Court to revisit ground that

it covered back in May of this year when the Court denied the government's motion for summary judgment on Mr. and Mrs. Morisch's FTCA claim. Then, as now, counsel for the government argued that in Dr. Schreiber's original expert report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure he never offered an opinion as to whether negligence on the part of the VA proximately contributed to the injuries at issue in this case, rendering untimely, in the government's view, any opinion on the VA and causation subsequently offered by Dr. Schreiber. In denying the government's motion for summary judgment the Court held that "[a] fair reading of Dr. Schreiber's [original Rule 26(a)(2)] report is that his professional opinion is that [the VA's] negligence was both a breach of the duty of care and a proximate cause of Plaintiffs' injury," *Morisch v. United States*, Civil No. 07-145-GPM, 2009 WL 2365649, at *2 n.1 (S.D. Ill. May 6, 2009), and this opinion is, like the Court's opinion on the inapplicability of the *Petrillo* rule to ex parte contacts between Kreisman's counsel and Mr. Morisch's Kentucky-based treating physicians, the law of the case. The Court finds yet again that Dr. Schreiber's opinions on causation have been properly disclosed and are timely, so that the government's motion to strike portions of Dr. Schreiber's testimony at his Court-supervised deposition will be denied.

Turning at last to Kreisman's motion, in the motion Kreisman asks the Court to bar any opinion offered by Dr. Schreiber in the course of his Court-supervised testimony regarding the nature and duration of Mr. Morisch's injuries as a result of his stroke. It appears that the basis for Kreisman's motion is the fact that, after examining Mr. Morisch on June 6, 2009, Dr. Schreiber did not submit an amended Rule 26(a)(2) report identifying the examination as an additional basis for his opinions regarding Mr. Morisch's injuries due to his stroke. Because Dr. Schreiber failed to produce thirty days in advance of trial in this matter (currently set to begin September 8, 2009) a

report identifying his examination of Mr. Morisch as an additional basis for his opinions, Kreisman argues, Dr. Schreiber's opinions regarding Mr. Morisch's damages derived from his examination of Mr. Morisch should be excluded from evidence at trial. The Court does not agree. An amended Rule 26(a)(2) disclosure authored by Mr. and Mrs. Morisch's counsel that was filed on June 8, 2009, properly disclosed that Dr. Schreiber had examined Mr. Morisch and was accompanied by Dr. Schreiber's affidavit setting out the substance of his opinions regarding Mr. Morisch's damages due to his stroke. Kreisman and the government had notice both of Dr. Schreiber's examination of Mr. Morisch and Dr. Schreiber's opinions regarding Mr. Morisch's damages due to his stroke; also, during Dr. Schreiber's Court-supervised deposition, they had a full opportunity to cross-examine Dr. Schreiber regarding his opinions derived from the examination. Under these circumstances, the Court concludes in its discretion that Mr. and Mrs. Morisch's counsel substantially complied with the requirements of Rule 26 governing timely supplementation of expert opinions before trial. *See Jenkins v. Bartlett*, 487 F.3d 482, 488 (7th Cir. 2007). Therefore, Kreisman's motion to bar Dr. Schreiber's opinion on damages will be denied.

To conclude, Mr. and Mrs. Morisch's motion for a protective order (Doc. 92), the government's motion to strike portions of Dr. Schreiber's testimony (Doc. 100), and Kreisman's motion to bar Dr. Schreiber's opinion on damages (Doc. 101) are **DENIED**.

**IT IS SO ORDERED.**

DATED: August 18, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge