# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD MORISCH and BETTE MORISCH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 07-145-GPM ) |
| UNITED STATES OF AMERICA and ROBERT D. KREISMAN, P.C., d/b/a Kreisman Law Offices, | ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

At the close of the presentation of evidence by Plaintiffs Gerald Morisch and Bette Morisch on their claims against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680, the Government moved for judgment as a matter of law on Mrs. Morisch's FTCA claim for failure to exhaust administrative remedies (Doc. 142). Because Mrs. Morisch's FTCA claim has been tried to the Court, *see Zurba v. United States*, 247 F. Supp. 2d 951, 962 (N.D. Ill. 2001), the Government's motion is governed by Rule 52 of the Federal Rules of Civil Procedure, which requires the Court to make findings of fact and conclusions of law if it grants the motion. *See* Fed. R. Civ. P. 52(c); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 447-48 (7th Cir. 2006); *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006); *Fillmore v. Page*, 358 F.3d 496, 502-03 (7th Cir. 2004); 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2573.1 (3d ed. 1998 & Supp. 2009). Accordingly, this Order constitutes the Court's findings of fact and conclusions of law with respect to Mrs. Morisch's FTCA claim.

The United States is immune from suit unless it consents to be sued. *See Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008). Additionally, any waiver of sovereign immunity must be strictly construed. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Quilico v. Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984). The FTCA is a congressional waiver of the sovereign immunity of the United States and as such a plaintiff must strictly comply with the statute's requirements to have a forum for his or her claim. *See Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984) (citing *Erxleben v. United States*, 668 F.2d 268 (7th Cir. 1981)). The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Further specification as to the filing of a proper administrative claim is set forth in 28 C.F.R. § 14.2, which provides, in relevant part:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a). The United States Court of Appeals for the Seventh Circuit construes 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a) as requiring that a claimant provide in his or her

administrative claim "sufficient notice to enable the agency to investigate the claim and the setting of a 'sum certain.'" *Charlton v. United States*, 743 F.2d 557, 559 (7th Cir. 1984). This interpretation of 28 U.S.C. § 2675(a) is supported by the legislative history of the FTCA, which identifies the purpose of Congress in enacting the statute as "eas[ing] court congestion and avoid[ing] unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 89-1327, at 1 (1966), *as reprinted in* 1966 U.S.C.C.A.N. 2515, 2516. The filing of an appropriate administrative claim is an absolute prerequisite to maintaining a FTCA action against the federal government, and a claim by a plaintiff that has failed to comply with the statutory requirements must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003); *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972).

Here the specific issue for resolution by the Court is whether the Government received adequate notice of Mrs. Morisch's claim for loss of consortium. The general rule is that the filing of an administrative claim by the recipient of a direct injury is insufficient to put the Government on notice of a claim for loss of services on the part of a spouse or a related adult, but notice of the derivative claim is adequate if the spouse or relative of the injured person files a separate claim or joins in the claim of the injured person, or if the claim of the recipient of the direct injury mentions loss of services. *See Pipkin v. United States Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991); *Manko v. United States*, 830 F.2d 831, 839-40 (8th Cir. 1987); *Adams v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 320 (2d Cir. 1986); *Rucker v. United States Dep't of Labor*, 798

F.2d 891, 893-94 (6th Cir. 1986); *Jackson v. United States*, 730 F.2d 808, 809-10 (D.C. Cir. 1984); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *Barbee v. United States*, No. 05-C-249-S, 05-C-303-S, 2005 WL 2429820, at *3 (W.D. Wis. Sept. 30, 2005); *Loper v. United States*, 904 F. Supp. 863, 865 (N.D. Ind. 1995); *Richardson v. United States*, 831 F. Supp. 657, 661 (N.D. Ind. 1993); *Plescia v. United States*, No. 92 C 4149, 1993 WL 135307, at *2 (N.D. Ill. Apr. 23, 1993). *See also* 35A Am. Jur. 2d *Federal Tort Claims Act* § 182 (1964 & Supp. 2009) ("[T]he filing of an administrative claim by the recipient of a direct injury is insufficient to put the government on notice of a claim for loss of services on the part of a related adult, . . . at least if the lost services are not mentioned in the claim.") (collecting cases). Here it is undisputed that Mrs. Morisch neither filed an administrative claim based on loss of consortium nor did she join in her husband's administrative claim. Also, nothing in Mr. Morisch's administrative claim would serve to give the Government notice of his wife's derivative claim, as the claim is silent as to any alleged loss of services, and Bette Morisch is referenced in the claim only as a witness to the events giving rise to the claim. The Court concludes that the Government did not receive adequate notice of Mrs. Morisch's claim for loss of consortium as required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a) and thus Mrs. Morisch cannot maintain a claim under the FTCA. The Government's motion for judgment as a matter of law (Doc. 142) is **GRANTED**, and Bette Morisch's claim for loss of consortium under the FTCA is **DISMISSED with prejudice**.

    **IT IS SO ORDERED.**

    DATED: September 14, 2009

                                        /s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        United States District Judge